UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KARY SUCELI LOPEZ-BARILLAS,                                    CASE NO.  17-60466-CIV-DIMITROULEAS

    Petitioner,

vs.

ORESTES CRUZ,

    Respondent.

_____/

**FINAL JUDGMENT AND ORDER DENYING HABEAS PETITION**

    THIS CAUSE is before the Court on Petitioner Lopez-Barillas' March 3, 2017 Petition For Writ of Habeas Corpus [DE-1].  The Court has considered Respondent's April 5, 2017 Response and Lopez Barillas' April 10, 2017 Reply [DE-9] and having heard arguments on April 11, 2017, finds as follows:

    1.  Lopez-Barillas illegally entered the U.S. at or near Riviera Beach, Florida, on or about January 22, 2016 at 2:00 A.M. via a vessel; she was detained in the Intra-coastal Waterway.  [DE-1-10].  She expressed a fear of going back to Guatemala.  She was housed at the Broward Transition Center from January 24, 2016 until January 27, 2016.  At that point she was housed at the Palm Beach County Main Jail.[1]  On January 29, 2016, counsel was appointed and stipulated to detention. [DE-10 in 16-mj-8021].  On February 22, 2016, a material witness complaint was dismissed against Lopez-Barillas. [DE-21 in 16-mj-8021].  She was returned to the Broward Transition Center.

    2.  On March 7, 2016, the prosecutor, Rinku Tribuiani, expressed her gratitude to Lopez-Barilla's lawyer for her assistance in the prosecution of two Bahamian smugglers.  [DE-1-13].  Indeed, in case number 16-80018-CR, convictions were had against: Domingo Romero (time served on March 10, 2016 [DE-69]); Wandalei Martin-Campos (time served on April 15, 2017 [DE-97]); Lavanie Palmer (21 months

---

[1] She was held as a material witness in the smuggling case.  [DE-1-12].

1

on May 2, 2016 [DE-104]); Otis Kevin Cunningham (18 months on June 30, 2016 [DE-128]); and Rodnel Polydor (12 months on June 30, 2016 [DE-129]).

3. On March 7, 2016, an asylum officer determined that Lopez-Barilla had a credible fear of harm should she be returned to Guatamala, because she assisted law enforcement against a smuggling organization [DE-1-14].

4. Lopez-Barilla filed a request for parole. [DE-1-16]. The request was denied. [DE-1-17, pp. 1-2]. On April 8, 2016, Lopez-Barilla's counsel questioned the decision. [DE-1-17, p. 3].

5. On April 5, 2016, Immigration Judge Rex Ford told Lopez-Barilla that as an arriving alien, she was ineligible for bond or release by the Court. [DE-1-18].

6. On July 13, 2016, Lopez-Barilla told Judge Ford that she had spent one month in federal prison and came out of there bad psychologically. In the federal prison, she had been denied non-local phone calls, but since arriving at the Broward Transition Center she had been able to call her family and learned that her mother had died. Judge Ford again explained to her that he could not grant her a bond. [DE-1-19]. Lopez-Barilla was ordered removed to Guatemala. [DE-7-2]. Asylum was denied; withholding of removal was denied.

7. On September 28, 2016, Lopez-Barilla again requested parole and release from detention. [DE-1-20]. That request was denied on October 17, 2016. [DE-1-21]. On October 24, 2016, there was a request to review that decision. [DE-1-22]. There was another request on January 31, 2017. [DE-1-23]. There was another request on February 17, 2017. [DE-1-25]. Those requests were denied on February 17, 2017. [DE-1-26].

8. On February 3, 2017, the Board of Immigration Appeals remanded Lopez-Barilla's case back to Judge Ford to assess and consider, among other things, her well-founded fear of future persecution on account of her sexual orientation and her claim pursuant to the Convention Against Torture (CAT) [DE-1-24].

9. On March 3, 2017, Lopez-Barilla filed this habeas petition. [DE-1].

10. On April 4, 2017, Judge Ford granted an Emergency Motion to Substitute Counsel. [DE-7-3]. A hearing is now set for April 25, 2017.

11. Lopez-Barilla is an arriving alien and as such has the fewest rights of all types of aliens. *Garcia-Mir v. Smith*, 766 F.2d 1478, 1484 (11th Cir. 1985) *citing Landon v. Plasencia*, 459 U.S. 21 (1982). As an alien on the threshold of initial entry, her due process rights are only those authorized by Congress. *Shaughnessey v. U.S. ex rel Mezie*, 345 U.S. 206, 212 (1953).

12. She is properly detained pursuant to 8 U.S.C. § 1225 (b)(2)(A). *Zadrydas v. Davis*, 533 U.S. 678 (2001) and *Sopo v. U.S. Atty. General*, 825 F. 3d 1199 (11th Cir. 2016) involve different status. *See Cardona v. Nails-Castillo*, 177 F. Supp. 3d 815 (S.D.N.Y. 2016), *but see, Marquez-Diaz v. Moore, case number* 16-23684UU (S.D. Fla. 2016). Unlike *Zadrydas, Sopo*, and *Marquez-Diaz,* Lopez-Barillas has never resided in the United States; she has been in continuous custody[2] since her attempted illegal entry on January 22, 2016. In her situation, she is still considered to be at the border.[3] Unlike *Marquez-Diaz,* Lopez-Barilla did not present herself at the border, requesting asylum, she was attempting to be smuggled in. Unlike *Zadrydas*, Lopez-Barilla has an alternative, albeit not an attractive one, to detention; she can go back to Guatemala; she has the keys to her release.

13. Nevertheless, it might seem disappointing that Lopez-Barilla was not paroled into this county because of her assistance in the prosecution of the Bahamian smugglers. It seems like a Catch-22. If her parole will assist the government in the future, she can be paroled. *See* 8 C.F.R. § 212.5 (b)(4). However, the Government would usually prefer that she remain in custody pending the prosecution to

---

[2] For one month, she was in the custody of the U.S. Marshal in the Palm Beach County Jail, as a material witness, but this Court does not view that situation as having changed the legal fiction of her still being at the border as an arriving alien.

[3] *See, e.g., Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1440 (5th Cir.), *amended in part*, 997 F.2d 1122 (5th Cir. 1993) ("Although aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.").

facilitate her being available to testify. Ironically, if she is detained and cooperates, then there is no future assistance needed. Any parole is for a limited time and purpose. *Viknesrajah v. Koson*, 2011 WL 147901 (W.D.N.Y. 2011). To deny parole to such individuals may have a chilling effect on aliens cooperating in these important criminal prosecutions. Here, the prosecutor expressed her gratitude to Lopez-Barilla for her cooperation. Two different agencies of the executive branch seem to view Lopez-Barilla differently. If the Court had the discretion, it would authorize another[4] individualized bond hearing where an alien has cooperated in smuggling prosecutions. Lacking that discretion, the Court will rule on the habeas petition.

14. Immigration issues are often politically charged issues, best left for resolution by the executive and/or legislative branches of government. Here, this Court does not find a constitutional violation. The Supreme Court may yet find that arriving aliens have a constitutional right to a bond hearing after a given amount of time. *Jennings v. Rodriguez,* 137 S. Ct. 471 (2016). Until such a ruling and absent congressional direction otherwise, this court is not comfortable substituting its judgment for the other branches' decisions[5] in these matters.

Said Petition [DE-1] is Denied.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of April, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[4] Arguably, Lopez-Barilla already had a bond hearing on January 29, 2016 where detention was stipulated to.
[5] The executive branch is better equipped to ascertain the costs of providing bond hearings to every arriving alien who has a credible fear of being returned to his or her native country, but is denied asylum and appeals, where the appellate process will likely exceed any judicially-set bright line time limit for reasonableness.

Copies furnished to:

Counsel of Record